## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
## COURT OF COMMON PLEAS OF PHILADELPHIA

JN Realty Corporation
1011 Chestnut St.
#1006W
Philadelphia, PA 19107

::

Filed and Attested by the
Office of Judicial Records
17 OCT 2022 10:49 am
G. IMPERATO

Plaintiff ::   No. 220302990

v. ::

Allied Insurance of America, AKA/DBA Nationwide
CSC
2595 Interstate Drive #103
Harrisburg, PA 17110

Defendant ::

## NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|
| **You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.** | **Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.** |
| *You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.* | *Lleve esta demanda a un abogado inmediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.* |
| **Philadelphia Bar Association**<br>**Lawyer Referral**<br>**and Information Service**<br>**One Reading Center**<br>**Philadelphia, Pennsylvania 19107**<br>**(215) 238-6333**<br>**TTY (215) 451-6197** | **Asociacion De Licenciados**<br>**De Filadelfia**<br>**Servicio De Referencia E**<br>**Informacion Legal**<br>**One Reading Center**<br>**Filadelfia, Pennsylvania 19107**<br>**(215) 238-6333**<br>**TTY (215) 451-6197** |

**10-284**

Edward Smith, Esq.                                          (215) 801-3469
Law Ofc. Of Ed Smith, Esquire                                ID#310179
1011 Chestnut St., Suite 1006W                         Attorney for Defendant
Philadelphia, PA 19107

## IN THE COURT OF COMMON PLEAS OF PHILADELPHIA, PA

### – CIVIL DIVISION --

| | | |
|---|---|---|
| JN Realty Corporation | :: | |
| *Plaintiff* | :: | No. 220302990 |
| v. | :: | |
| Allied Insurance of America, AKA/DBA Nationwide | | |
| *Defendant* | :: | |

### CIVIL ACTION

### PLAINTIFF'S COMPLAINT

The Plaintiff, JN Realty Corporation, by and through Counsel undersigned, hereby avers

the following and prays the Honorable Court Grant relief for the reasons stated herein:

*1.* The Plaintiff is JN Realty Corporation, a real estate corporation, headquartered at 8428 Bayard

st Philadelphia PA 19150.

*2.* The Defendant is Allied Insurance of America, AKA/DBA Nationwide an insurance company

with a registered agent at 2595 Interstate Drive #103, Harrisburg, PA 17110.

*3.* This is a matter arising from a bad faith insurance claim denial.

*4.* Jurisdiction is proper because Defendant does business in the City of Philadelphia.

*5.* Plaintiff, is the owner of record for 4087 ½ Lancaster Avenue, Philadelphia PA 19104, the

Subject Premises.

*6.* Plaintiff purchased the Subject Premises on Sept 4, 2018 and the Deed was recorded on

Case ID: 220302990

11/2/2018 as Document ID#532420763

7. Part of the purchase process for the the Subject Premises was to have an appraisal done for the Mortgage Company.

8. On or about Sept 18, 2018 the Plaintiff entered into a written agreement called The Premiere Business Owner's Policy for the Defendant to insure the Subject Premises. The Policy is attached as **Exhibit C.**

9. The policy covered collapse from pooling water on the roof.

10. On June 14, 2019 the roof of the subject premises collapsed causing a great deal of damage to all the structural elements.

11. The roof collapsed because the drain was clogged.

12. Plaintiff submitted a claim to the Defendant.

13. At the time of the loss June 4, 2019 the Plaintiff's policy was paid and current.

14. Throughout the process the Defendants made it especially burdensome on the plaintiff, making him do the depositions and several sworn statements him to two depositions and produce many documents. **Exhibit C.**

15. Plaintiff cooperated with all the requests including providing recent pictures of the roof showing it was and thee were no leaks.

16. Plaintiff has pictures from the appraisal done for his purchase fo the Subject Premises that show there no problems with the roof or leaks.

17. The Plaintiff's Agent/Inspector made a false report in bad faith stating that the roof had been leaking for years.

18. The claim was rejected in bad faith On November 4, 2020. The Denial Letter is attached as **Exhibit A.**

19. The Defendant did not want to pay because a large claim and the Plaintiff had only had the policy less than a year, meaning paying would give Defendant a big loss on this policy.

*20.* After the Denial the Plaintiff had to make the repairs himself and had to pay approximately

$350,000.00. The Invoices were not available at the tine of filing.

*21.* At the time of the loss June 4, 2019 the Plaintiff had 2 renters who paid $600.00 from one and

$800.00 from the other for a total of $1,400.00.

*22.* Plaintiff has not yet rerented the Subject premises.

*23.* Defendant ignored Plaintiff's requests for information for months and only replied after Plaintiff

filed a complaint with the Insurance Department.

*24.* It took almost a year and a half for Defendants to make their decision to deny the claim.

*25.* The Denial has three reasons for the Denial

  a. because Defendant did not cooperate

  b. because the Plaintiff knew of a years long leak and failed to disclose it to the Defendant.

  c. because it is not covered or excluded.

*26.* Defendant engaged in a bad faith pattern effort to get Plaintiff to give up or make a mistake,

because the Policy allows a claim to be  ended if the claimant does not cooperate and

participate.

*27.* The Defendant's Denial of Plaintiff's claim for a failure to cooperate is made in bad faith

because Defendant always cooperated.

*28.* The Defendant's Denial of Plaintiff's claim for a failure to disclose a leak is made in bad faith

because Plaintiff had pictures to prove the Defendant's Inspector/Agent wrong and the insurance

company still sided with the Inspector.

*29.* The Defendant's Denial of Plaintiff's claim as not covered or excluded by the policy is made in

bad faith because the relevant provisions are referenced in Defendant's Denial letter attached as

**EXHIBIT A** incorporated by reference as though fully stated herein.

*30.* In the alternative, the Policy language is ambiguous and it should be interpreted against the

drafter, Defendant, under the doctrine of *in contra preforentem.*

*31.* The Defendant's Denial of Plaintiff's claim was in bad faith because it was done as retaliation for Plaintiff having complained to the Insurance Department.

*32.* Plaintiff has paid attorney's fees.

*33.* The law of 42 Pa. C.S. § 8371 "Actions on insurance policies" provides:

"In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:

**(1)** Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%. **(2)** Award punitive damages against the insurer.**(3)** Assess court costs and attorney fees against the insurer."

*34.* The Defendant's actions have been especially egregious.

**WHEREFOR,** Plaintiff requests this Honorable Court GRANT the following relief:

1) $350,000.00 in actual damages

2) Fees and costs

3) Lost rent at the sum of $1,400.00 per month starting July 2019 and to be calculated at the time of trial.

4) interest under  42 Pa. C.S. § 8371 to be calculated at the time of trial.

5) Attorney's Fees

6) Punitive damages as the Court sees fit.

Respectfully Submitted,

Edward Smith, Esq.

Attorney for the Defendant

## <u>VERIFICATION</u>

I, _____Kemp   Banks_____, do hereby state, swear and certify, that the statements in

the foregoing _____Complaint_____ are true and correct to the best of my knowledge,

information and belief. I make this statement pursuant to the penalties of 18  Pa.C.S.A. § 4904 relating

to unsworn falsifications to authorities.

/s/: _Kemp Banks_____                    Dated: _10 17 22_____

Case ID: 220302990

# EXHIBIT
# A

Case ID: 220302990

 **Nationwide®**

Page 1 of 7

| | |
|---|---|
| Date prepared | November 4, 2020 |
| Claim number | 226342-GJ |
| Policy number | ACP BPHL3009004473 |
| Questions? | Contact Claims Associate |
| | Ryan Hill |
| | Hillr33@nationwide.com |
| | Phone 484-294-5417 |
| | Fax 1-855-380-4610 |

JN REALTY CORP
8428 BAYARD ST
PHILADELPHIA, PA  19150-1610

## Claim details

| | |
|---|---|
| Insurer: | Allied Insurance Company of America |
| Policyholder: | JN REALTY CORP |
| Claim number: | 226342-GJ |
| Loss date: | June 14, 2019 |

Dear Mr. Banks,

We completed our review of this property loss reported to have occurred on June 14, 2019. We made every effort to provide a fair and thorough evaluation of your policy of insurance and investigation of your loss.

Based on our investigation and review of your policy contract, Allied Insurance Company of America's opinion is this loss was caused by an on-going roof leak that occurred over several years. This ongoing leaking condition caused the roof sheathing and joist to deteriorate and eventually break. The extent of the decay in the roof, sheathing, and joist demonstrates that it is unlikely the interior ceiling would not have shown significant staining at the time the policy was placed with Allied. Further, our investigation also revealed that a demolition permit was pulled in October of 2018. Photos show that demolition had started, which would have also made the roof leak known at the time the policy was placed. Finally, our efforts to obtain information from you to investigate this claim have been met by unreasonable non-cooperation, resulting in prejudice to our investigation. We must respectfully advise you that your policy number ACP BPHL3009004473 does not provide coverage for this loss. Coverage is not provided for this loss, for the following three reasons: 1. Policy terms, exclusions, and limitations, as set forth below, apply to prevent coverage for the damage due to ongoing leaking over time. 2. The damage to the ceiling and other damages were not disclosed to Allied at the time the policy was placed. 3. Your lack of cooperation in our investigation has substantially prejudiced our ability to complete our investigation.

## About our decision

Our investigation indicates that the on-going roof leak caused sever decay to the roof sheathing and joist. This sever decay resulted in a low area on the roof, which collected water. The loading on the supporting sheathing and joist increased until they were overloaded by above average amounts of precipitation. This caused the joist to fracture, resulting in the collapsing in of the roof.

The decay of the roof sheathing and joist was caused by water exposure. This occurred over an extended period of time, prior to the insureds ownership. Given the extent of the decay in the sheathing, it is unlikely that the interior ceiling plaster was unstained or gave no indications of the previous roof leak above.

There were also indications that demolition had begun back in 2018 which would have disclosed the

Case ID: 220302990

leak. This would have also made the leak known prior to the collapsing in of the roof, and prior to the placing of the policy with Allied.

## Policy details

Your Businessowners policy states the following:

"PREMIER BUSINESSOWNERS PROPERTY COVERAGE FORM

Various provisions in this policy restrict coverage. Please read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insureds shown in the Declarations. The words "we", "us" and "our" refer to the Company providing this insurance. Other words and phrases that appear in quotation marks have special meaning. Please refer to Section H. PROPERTY DEFINITIONS.

A. COVERAGES

We will pay for direct physical loss of or damage to Covered Property at the described premises in the Declarations caused by or resulting from any Covered Cause of Loss.

\*\*\*

3. COVERED CAUSES OF LOSS

This Coverage Form insures against direct physical loss unless the loss is:

    a. Excluded in Section B. EXCLUSIONS;

    b. Limited in paragraph A.4. LIMITATIONS in this section; or

    c. Limited or excluded in Section E. PROPERTY LOSS CONDITIONS or Section F. PROPERTY GENERAL CONDITIONS.

4. LIMITATIONS

    a. We will not pay for loss of or damage to:

\*\*\*

       (6) The interior of any building or structure, or to personal property in the building or structure, caused by or resulting from rain, snow, sleet, ice, sand or dust, whether driven by wind or not, unless:

Case ID: 220302990

(a) The building or structure first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain, snow, sleet, ice, sand or dust enters; or

(b) The loss or damage is caused by or results from thawing of snow, sleet or ice on the building or structure.

5. ADDITIONAL COVERAGES

***

e. Collapse

The coverage provided under this Collapse Additional Coverage applies only to an abrupt collapse as described and limited in paragraphs e.(1) through e.(7).

(1) For the purpose of this Collapse Additional Coverage abrupt collapse means an abrupt falling down or caving in of a building or any part of a building with the result that the building or part of the building cannot be occupied for its intended purpose.

(2) We will pay for direct physical loss of or damage to Covered Property, caused by abrupt collapse of a building or any part of a building that is insured under this policy or that contains Covered Property insured under this policy, if such collapse is caused by one or more of the following:

   (a) Building decay that is hidden from view, unless the presence of such decay is known to an insured prior to collapse;

   (b) Insect or vermin damage that is hidden from view, unless the presence of such decay is known to an insured prior to collapse;

   (c) Use of defective material or methods in construction, remodeling or renovation if the abrupt collapse occurs during the course of the construction, remodeling or renovation.

   (d) Use of defective materials or methods in construction, remodeling or renovation if the abrupt collapse occurs after the construction, remodeling or renovation is complete, but only if the collapse is caused in part by:

      (i) A cause of loss listed in paragraph (2)(a) or (2)(b);

      (ii) One or more of the "specified causes of loss";

      (iii) Breakage of building glass;

      (iv) Weight of people or personal property; or

Case ID: 220302990

**Claim #** 226342-GJ
Page **4** of 7

(v) Weight of rain, snow, sleet or ice, that collects on a roof.

(3) This Collapse Additional Coverage does not apply to:

(a) A building or any part of a building that is in danger of falling down or caving in;

(b) A part of a building that is standing, even if it has separated from another part of the building; or

(c) A building that is standing or any part of a building that is standing, even if it shows evidence of cracking, bulging, sagging, bending, leaning, settling, shrinkage or expansion.

\*\*\*

(7) This Collapse Additional Coverage will not increase the Limits of Insurance provided in this policy.

\*\*\*

B. EXCLUSIONS

1. We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.

\*\*\*

2. We will not pay for loss or damage caused by or resulting from any of the following:

\*\*\*

i. Collapse

(1) Collapse, including any of the following conditions of property or any part of the property:

(a) An abrupt falling down or caving in;

(b) Loss of structural integrity, including separation of parts of the property or property in danger of falling down or caving in; or

(c) Any cracking, bulging, sagging, bending, leaning, settling, shrinkage or expansion as such condition relates to paragraph i.(1)(a) or i.(1)(b).

Case ID: 220302990

But if collapse results in a Covered Cause of Loss at the described premises, we will pay for the loss or damage caused by that Covered Cause of Loss.

(2) This Exclusion i., does not apply:

(a) To the extent that coverage is provided under the Collapse Additional Coverage; or

(b) To collapse caused by one or more of the following:

(i) The "specified causes of loss";

(ii) Breakage of building glass;

(iii) Weight of rain that collects on a roof; or

(iv) Weight of people or personal property.

\*\*\*

l. Other Types Of Loss

(1) Wear and tear;

(2) Rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself;

(3) Smog;

(4) Settling, cracking, shrinking or expansion;

\*\*\*

We also would like to direct your attention to the property loss conditions section of your policy.

E. PROPERTY LOSS CONDITIONS

\*\*\*

3. Duties In The Event Of Loss Or Damage

a. You must see that the following are done in the event of loss of or damage to Covered Property:

Case ID: 220302990

(1) Notify the police if a law may have been broken.

(2) Give us prompt notice of the loss or damage. Include a description of the property involved.

(3) As soon as possible, give us a description of how, when and where the loss or damage occurred.

(4) Take all reasonable steps to protect the Covered Property from further damage. If feasible, set the damaged property aside and in the best possible order for examination. Also keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim. This will not increase the Limit of Insurance.

HOWEVER, we will not pay for any subsequent loss or damage resulting from a cause of loss that is not a Covered Cause of Loss.

(5) At our request, give us complete inventories of the damaged and undamaged property. Include quantities, costs, values, amount of loss claimed and a detailed description of each item.

(6) As often as may be reasonably required, permit us to inspect the damaged property and examine your books and records, including financial records and tax returns.

Also permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records.

(7) Send us a signed, sworn proof of loss containing the information we request to investigate the claim. You must do this within 60 days after our request. We will supply you with the necessary forms.

(8) Cooperate with us in the investigation or settlement of the claim.

(9) Resume all or part of your "operations" as quickly as possible.

b. We may examine any insured or their employee under oath, while not in the presence of any other insured or employee, at such times as may be reasonably required, about any matter relating to this insurance or the claim, including an insureds books and records. At our option and expense, any examination under oath may be video or audio taped as well as being recorded by stenographic record. If a written transcript is prepared of the testimony, then at our request your answers under oath must be signed under penalty of perjury.

4. Legal Action Against Us

No one may bring a legal action against us under this insurance unless:

a. There has been full compliance with all of the terms of this insurance; and

b. The action is brought within 1 year after the date on which the direct physical loss or damage

Case ID: 220302990

occurred."

## Additional information

We expressly reserve all other rights, defenses, or contentions, which are available to us under the policy of insurance, by law or otherwise, and do not waive any such rights or defenses which we now have or which may become known to us in the future.

If you have information about this claim that may affect our current decision, please forward it to us as soon as possible.

## For more information

If you have any questions or concerns, please contact me at 484-294-5417 or Hillr33@nationwide.com.

Sincerely,

Ryan Hill
Allied Insurance Company of America
PO BOX 182068
COLUMBUS, OH 43218-2068
cc
Morgan & NMorgan

Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing any materially false information or conceals for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, which is a crime and subjects such a person to criminal and civil penalties.

Case ID: 220302990

# EXHIBIT
# B

Case ID: 220302990

# SWORN STATEMENT IN PROOF OF LOSS

| | |
|---|---|
| **CLAIM NO:** 226342-GJ | **DATE OF LOSS:** June 14, 2019 |
| **POLICY NO:** ACP BPHL3009004473 | **POLICYHOLDER:** JN REALTY CORP |
| **INCEPTION DATE:** September 18, 2018 | **EXPIRATION DATE:** September 18, 2019 |
| **COMPANY:** Allied Insurance Company of America | |

Part A

At time of loss, by the above indicated policy of insurance Allied Insurance Company of America insured JN REALTY CORP  against loss by covered peril to the property described under the policy, according to the terms and conditions of said policy and all forms, endorsements, transfers, and assignments.

1.  **Time and Origin:** A _physical_ loss occurred about _undetermined_ (time) on _June 14, 2019_ (date). Please describe the loss including the cause and origin. You may attach additional sheets if needed.
See attached loss report dated February 13, 2020.

2.  **Occupancy:** At the time of the loss, the building described, or containing the property described and located at _4087 1/2 Lancaster Ave., Phila., PA 19104_ was occupied at the time of loss and used as follows: Triplex - single building with 2 residential units (one occupied) and 1 commercial store front unit (hair salon)/

3.  **Other Named Insureds on Policy having an interest in the damaged covered property:**
n/a

4.  **Title and Interest:** At the time of the loss, JN REALTY CORP  had full ownership interest in the claimed property except:

FirstTrust Bank. Loan No., 8800048415.

(mortgagees, loans, bankruptcy receivership, liens, etc)

5.  **Changes:** Since the said policy was issued, there has been no changes of interest, use, occupancy, possession, new liens, change of liens or exposure of the property described, except:
Residential tenant: Anthony Moore; Commercial tenant: Gisle Koudou.

6.  **List the Whole Value of the Loss and Damage:**
$ See attached loss report dated February 13, 2020.

7.  **List the Amount of Depreciation:**
$ See attached loss report dated February 13, 2020.

8.  **List the Policy Deductible or Coinsurance:**
$ See attached loss report dated February 13, 2020/

9.  **List the Net Actual Cash Value:**
$ See attached loss report dated February 13, 2020.

*-B-*226342-GJ-|-1-|-Forms-|-General*-E-*

| Initial(s): |
|---|
| Date: |

Case ID: 220302990

SWORN STATEMENT IN PROOF OF LOSS

CLAIM NO: 226342-GJ

A)  Is this a Full or Partial Sworn Statement in Proof of Loss? (☒ FULL/☐ PARTIAL) If partial, please explain: _____

B)  Other insurance and applicable coverage limits that may apply to the claimed loss:
See attached copy of Policy No. ACP BPHL3009004473

C)  Have you made a claim for the same loss or damage claimed on this Sworn Statement in Proof of Loss to any other insurance company, business or individual?
 No

D)  If Yes, to whom? n/a

E)  Other information you feel is pertinent to this claim:
 See attached documents.

10.  **The Amount Claimed** under the above numbered policy is $ 217,450.67_____. The said loss did not originate by any act, design, direction or procurement on the part of you or any insured. Any other information that may be required will be furnished and considered a part of this proof. In consideration of any payment made pursuant to this proof the undersigned hereby assigns and transfers to the Company named above and agrees that said Company is subrogated to each and all claims and demands against any persons, firms or corporations arising from or connected with such loss or damages to the extent of such payments. The undersigned agrees that he will assist the Company on the prosecution of such claims and will execute any and all papers necessary in effecting recovery.

The furnishing of this blank Sworn Statement in Proof of Loss or the preparation of the above by a representative of the above insurance company is not a waiver of any rights.

_____ Signature of Insured
_____ Signature of Insured

On this _____ day of _____, 20_____, Before me personally appeared _____ to me known to be the person described herein, and who executed the foregoing instrument and _____ acknowledged that _____ voluntarily executed the same.

My term expires _____, 20_____

_____ NOTARY PUBLIC

| Initial(s): _____ |
| Date: _____ |

Case ID: 220302990

## Sworn Statement in Proof of Loss (Part B)

CLAIM NO: 226342-GJ

*This section is designed to help you support the loss and damage amounts needed for Part A of this document. The use of vendor estimates, coverage limits, adjuster estimates or any other market value determinations may be used to support your claim. Please attach all itemized and detailed estimates or supporting documentation.*

*Include the whole loss (replacement cost), depreciation, deductible, coinsurance, policy limits, special limits of insurance, deductible and net actual cash value claimed.*

**Building Coverage Loss Claimed:**
See attached loss report dated February 13, 2020.

**Personal Property, Contents, Business Personal Property, Farm Contents Farm Equipment Claimed:**
See attached loss report dated February 13, 2020.

**Additional Living Expense, Loss of Rental Value, Business Interruption Loss Claimed:**
See attached loss report dated February 13, 2020.

**Any Other Damages Being Claimed:**
See attached loss report dated February 13, 2020.

**Other Pertinent information you feel necessary to submit:**
See attached documents.

Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing any materially false information or conceals for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, which is a crime and subjects such a person to criminal and civil penalties.

Case ID: 220302990

## SCHEDULE "A" – POLICY FORM

Policy Form No. _____   Dated _____

Item 1.  $ _____ on _____
Item 2.  $ _____ on _____
Item 3.  $ _____ on _____
Item 4.  $ _____ on _____
Situated: _____

Coinsurance, Average, Distribution, or Deductible Clauses, if any

_____
_____

Loss, if any, Payable to

_____
_____

## SCHEDULE "B"
### STATEMENT OF ACTUAL CASH VALUE AND LOSS DAMAGE

|  |  | ACTUAL CASH VALUE | LOSS AND DAMAGE |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
| Totals: |  |  |  |

## SCHEDULE "C" – APPORTIONMENT

| POLICY NO. | EXPIRES | COMPANY NAME | ITEM NO. | | ITEM NO. | |
|---|---|---|---|---|---|---|
|  |  |  | INSURES | PAYS | INSURES | PAYS |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
| Totals: |  |  |  |  |  |  |

Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing any materially false information or conceals for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, which is a crime and subjects such a person to criminal and civil penalties.



*-B-*226342-GJ-|-1-|-Forms-|-General*-E-*

Case ID: 220302990

# RECEIPT FOR SWORN STATEMENT IN PROOF OF LOSS

CLAIM NUMBER: 226342-GJ _____

Jeffrey Boyers of Allied Insurance Company of America has delivered two blank Sworn Statement in Proof of Loss forms to me on

_____, 20_____, and requested that the forms be completed and returned to him/her in accordance with conditions of the policy contract.

Signature: _____   Date: _____
Policyholder: _____   Date: _____

Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing any materially false information or conceals for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, which is a crime and subjects such a person to criminal and civil penalties.



*-B-*226342-GJ-|-1-|-Forms-|-General*-E-*

Case ID: 220302990

# EXHIBIT
# C

Case ID: 220302990