# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JN REALTY CORPORATION** | : | CIVIL ACTION |
| *Plaintiff* | : | |
| | : | NO. 22-4445 |
| **v.** | : | |
| | : | |
| **ALLIED INSURANCE OF AMERICA** | : | |
| | : | |
| *Defendant* | : | |

# ORDER

**AND NOW**, this 26th day of January 2024, upon consideration of Plaintiff's *motion for leave to add party plaintiff and file amended complaint*, (ECF 41), Defendant's response in opposition, (ECF 42), Plaintiff's reply, (ECF 43), Defendant's sur-reply, (ECF 44), and the allegations contained in the proposed second amended complaint, (ECF 41-5), it is hereby **ORDERED** that Plaintiff's motion for leave to amend is **DENIED**.[1]

---

[1]  On October 17, 2022, Plaintiff JN Realty Corporation ("Plaintiff") filed a counseled complaint in the Philadelphia Court of Common Pleas against its property insurer, Defendant Allied Insurance of America, ("Defendant"), asserting claims for breach of the parties' insurance contract and bad faith. (ECF 1). Defendant removed the matter to this Court. (*Id.*). By Order dated December 20, 2022, this Court dismissed the bad faith claim. (ECF 7). After obtaining leave of court, Plaintiff filed an amended complaint on May 9, 2023, that provided additional facts but asserted only the remaining original breach of insurance contract claim. (ECF 29). This claim is premised on Defendant's alleged rejection of Plaintiff's insurance claim for damage caused to the insured property (the "Property") following a roof collapse.

Presently, before the Court is Plaintiff's motion for leave to amend its complaint that was filed just weeks before the scheduled close of fact discovery. In its motion, Plaintiff seeks to add a new plaintiff — Kemp Banks ("Banks"), who is Plaintiff's President and owner — and a new claim for racial discrimination under 42 U.S.C. § 1981, premised on the allegation that Defendant wrongfully denied Plaintiff's insurance claim because of Banks' race (African American). Defendant opposes Plaintiff's motion, arguing that the additional § 1981 claim is futile.

Federal Rule of Civil Procedure ("Rule") 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The decision to grant or deny a motion to amend is left to the sound discretion of the district court. *Gay v. Petsock*, 917 F.2d 768, 772 (3d Cir. 1990). As such, it is within the discretion of a district court to deny a motion for leave to amend when there exists "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the

amendment or futility of the amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 116 (3d Cir. 2003) (holding that a court can deny a motion to amend if (1) the moving party has demonstrated undue delay, bad faith, or dilatory motive, (2) the amendment would be futile, or (3) the amendment would prejudice the non-moving party). Where a plaintiff seeks to amend a complaint by adding a new claim, the new claim is futile if, as pled in the proposed amended complaint, it cannot survive a motion to dismiss for failure to state a claim. *Massarsky v. Gen. Motors Corp.*, 706 F.2d 111, 125 (3d Cir. 1983).

As noted, by way of the proposed second amended complaint, Plaintiff seeks to add a new claim (on behalf of Plaintiff and the proposed new plaintiff, Banks) for racial discrimination pursuant to 42 U.S.C. § 1981. Section 1981 provides that:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981. As such, § 1981 prohibits racial discrimination in the formation and enforcement of contracts. *CBOCS West, Inc. v. Humphries*, 553 U.S. 442, 454-55 (2008); *St. Francis Coll. v. Al-Khazraji*, 481 U.S. 604, 609 (1987).

To assert a viable § 1981 claim, a plaintiff must allege facts sufficient to plausibly show that: (1) the plaintiff is a racial minority, (2) the defendant intended to discriminate against the plaintiff on the basis of race, and (3) the discrimination concerned an activity enumerated in § 1981. *Estate of Oliva ex rel. McHugh v. New Jersey*, 604 F.3d 788, 797 (3d Cir. 2010). Section 1981 "can only be violated by intentional discrimination," thus, a plaintiff must allege a specific factual basis to create an inference of a defendant's intent to discriminate. *Ocasio v. Lehigh Valley Fam. Health Ctr.*, 92 F. App'x 876, 880 (3d Cir. 2004) (citing *Gen. Bldg. Contractors Ass'n v. Pennsylvania*, 458 U.S. 375, 391 (1982)); *Frederick v. Se. Pa. Transp. Auth.*, 892 F. Supp. 122, 125 (E.D. Pa. 1995). Further, the "intentional" requirement cannot be satisfied with "vague and conclusory allegations" in the complaint. *Frederick*, 892 F. Supp. at 125.

Here, a careful review of Plaintiff's proposed second amended complaint reveals that Plaintiff has failed to allege any facts to plausibly show that Defendant rejected Plaintiff's insurance claim because Banks is African American. To support the requisite inference of discrimination, Plaintiff alleges only the following:

> Plaintiffs reasonably believe Allied denied the claim, failed to renew insurance coverage, and made fraud reports against Banks are due to intentional discrimination against both based on race.

(Sec. Am. Compl., ECF 41-5, at ¶ 82). Plaintiffs' proposed second amended complaint contains no factual allegations connecting Defendant's rejection of Plaintiff's insurance claim to Banks' race. At most, therein, Plaintiff has alleged that its President and owner, Banks, is an African American, that some of the persons involved in Defendant's decision to reject Plaintiff's insurance claim are Caucasian, and that Plaintiff "believes" the decision was made because of Banks' race. These "vague and conclusory allegations," however, are insufficient to plausibly show that Defendant intentionally discriminated against Plaintiff on the basis of Banks' race. *Frederick*, 892 F. Supp. at 125; *see also Howard v. Blalock Elec. Serv., Inc.*, 742 F. Supp. 2d 681, 702 (W.D. Pa. 2010) ("An inference of race-based discrimination cannot arise simply from

an employee's subjective belief that his or her race somehow influenced the challenged employment action.").

In light of the complete lack of factual allegations to support an inference of racial discrimination, the proposed second amended complaint does not assert a viable claim under § 1981. Consequently, Plaintiff's proposed racial discrimination claims under § 1981 and addition of Banks as a Plaintiff are futile. Accordingly, Plaintiff's motion to amend the complaint is denied.

BY THE COURT:

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*