# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JN REALTY CORPORATION,** *Plaintiff* | : : : : | **CIVIL ACTION** |
| **v.** | : : : | **NO. 22-4445** |
| **ALLIED INSURANCE OF AMERICA,** *Defendant* | : : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                                                                    NOVEMBER 8, 2024

## MEMORANDUM OPINION

**INTRODUCTION**

      Plaintiff JN Realty Corporation ("Plaintiff" or "JN Realty") brought this action against its insurer, Defendant Allied Insurance of America ("Defendant" or "Allied Insurance"), for breach of contract premised on an insurance policy. Specifically, JN Realty contends that Allied Insurance failed to fully indemnify JN Realty for damages to a property covered by the insurance policy at issue. Allied Insurance has moved for summary judgment on the basis that a one-year suit limitation clause contained in the policy bars JN Realty's breach of contract claim because JN Realty did not commence suit until more than two years and nine months after JN Realty allegedly discovered the claim. JN Realty opposes Allied Insurance's motion and has filed its own partial motion for summary judgment, arguing that the suit limitation clause should not be enforced due to waiver, estoppel, unclean hands, and unconscionability. The issues presented in the motions are fully briefed and, therefore, are ripe for disposition. For the reasons set forth herein, Allied Insurance's motion is granted, JN Realty's motion is denied, and judgment is entered in Allied Insurance's favor.

**BACKGROUND**

When ruling on a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 ("Rule 56"), a court must consider all record evidence and the supported relevant facts in the light most favorable to the non-movant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Galena v. Leone*, 638 F.3d 186, 196 (3d Cir. 2011). The facts relevant to the underlying motions are summarized as follows:[1]

>JN Realty is in the business of buying and selling real property. Kemp Banks is JN Realty's owner and president. Mr. Banks has been in the business of buying and selling real estate for more than 35 years.
>
>On September 14, 2018, JN Realty purchased a property located at 4087 ½ Lancaster Avenue, Philadelphia, Pennsylvania (the "Property"). Before purchasing the Property, Mr. Banks did a walkthrough of the Property, during which he determined the Property was in fair condition with no structural issues. In particular, Mr. Banks saw no need to update the roof of the Property at the time of the walkthrough. Mr. Banks did not know when the roof had last been replaced or repaired.
>
>On September 18, 2018, JN Realty purchased a Premier Businessowners Policy (the "Policy") underwritten by Allied Insurance which provided property insurance coverage for the Property. JN Realty purchased the Policy through its insurance agent, Stephen Malizia ("Mr. Malizia"), doing business as Global Green Insurance Agency ("Global Green"). Global Green had previously obtained several insurance policies for JN Realty. Global Green is paid a commission from the insurance carrier once it secures insurance coverage for its business clients. Since December 2013, Global Green has secured approximately 30-50 premier businessowner policies with Allied Insurance.
>
>Mr. Malizia completed the insurance application for the Policy, using various sources of information, including public records, pre-checked system data and limited information from Mr. Banks. Mr. Malizia never visited the Property before or after completing the insurance application. Although Mr. Banks did not complete any portion of the insurance application, Mr. Malizia checked "yes" in response to the insurance application section affirming "The applicant has read,

---

[1] These facts are taken from the parties' briefs, exhibits, and statements of facts. To the extent that any fact is disputed, such dispute will be noted and, if material, will be construed in the non-movant's favor pursuant to Rule 56. Though both parties are movants, the parties' motions are considered separately, and the Court construes disputed material facts accordingly.

understands, and agrees to abide by the terms and conditions outlined in this application." He checked "no" next to the "Agent Signature" section.

The information provided by Mr. Malizia on the insurance application was used to bind coverage for JN Realty, *i.e.*, make coverage active, on September 18, 2018. Global Green was the binding agent for Allied Insurance on the Policy, and Mr. Malizia was the binding producer for Allied Insurance on the Policy. The Policy insured the Property, with an effective period from September 18, 2018, to September 18, 2019. On September 20, 2018, Mr. Banks DocuSigned the insurance application after it had already been bound.

The Policy includes a one-year suit limitation provision that reads as follows:

> **Legal Action Against Us**
>
> No one may bring a legal action against us under this insurance unless:
> a. There has been full compliance with all of the terms of this insurance; and
> b. The action is brought within 1 year after the date on which the direct physical loss or damage occurred.

On June 14, 2019, the Property's roof collapsed. JN Realty engaged Royal Adjustment Group as its public adjuster who, on June 28, 2019, notified Allied Insurance of the roof collapse. Royal Adjustment Group resigned from representing JN Realty on December 6, 2019. JN Realty permitted multiple Allied Insurance claims representatives to inspect the Property on July 4, July 15, July 25, and September 12, 2019.

As part of its investigation of JN Realty's claim, Allied Insurance took an in-person Examination Under Oath ("EUO") of Mr. Banks on February 6, 2020. Mr. Banks attended the EUO with JN Realty's then-counsel, Mark Boczar, Esquire ("Mr. Boczar"). JN Realty provided a Sworn Statement in Proof of Loss to Allied Insurance on March 11, 2020.

In a letter dated April 10, 2020, and addressed to Mr. Banks, JN Realty's president, in care of JN Realty's previous counsel, Mr. Boczar, Allied Insurance advised JN Realty that it was closing the file due to JN Realty's failure to provide various requested information. The letter also expressly provided that "any action taken by Allied Insurance Company of America, either prior to or subsequent to this letter, whether to investigate this matter or defend this claim, is not to be construed as a waiver of any of the conditions specified in the policy, including but not limited to, any defenses set forth above." (*See* ECF 49-4, at pp. 28). This was immediately followed by the following:

> Lastly, please be advised that your policy provides, in pertinent part, as follows:
>
> "4. Legal Action Against Us
> No one may bring a legal action against us under this insurance unless:
>
> (a) There has been full compliance with all of the terms of this insurance; and
> (b) The action is brought within 1 year after the date on which the direct physical loss or damage occurred."

(*Id.*) (quotation marks in original). JN Realty maintains that it did not receive this letter or a copy of it until some unspecified time after expiration of the one-year suit limitation period. Allied Insurance has presented evidence that the letter was mailed to JN Realty's previous counsel, Mr. Boczar, on April 10, 2020.

On February 10, 2021, JN Realty commenced a legal action against Allied Insurance in the Court of Common Pleas of Philadelphia County (the "State Court") by filing a praecipe for writ of summons. On August 3, 2021, the State Court issued a rule to show cause why the matter should not be non-prossed for failure to file a complaint and failure to effectuate service. In response, on September 28, 2021, JN Realty filed a praecipe to withdraw the writ without prejudice.

JN Realty filed a second praecipe to issue writ of summons on March 29, 2022. JN Realty filed a praecipe to reissue the writ of summons on June 8, 2022, and a second praecipe to reissue the writ of summons on July 29, 2022. On August 16, 2022, the State Court issued a rule to show cause why the matter should not be non-prossed for failure to file a complaint and an amended rule to show cause on August 29, 2022.

JN Realty finally filed its complaint against Allied Insurance in the State Court on October 17, 2022. Allied Insurance removed the matter to this Court on November 7, 2022.

**LEGAL STANDARD**

Rule 56(a) provides: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). A factual dispute is "material" if it might affect the outcome of the suit under the

applicable substantive law and is "genuine" only if there is a sufficient evidentiary basis for a reasonable factfinder to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When evaluating a motion for summary judgment, a court "must view the facts in the light most favorable to the non-moving party" and draw all reasonable inferences in favor of the same. *Hugh v. Butler Cnty. Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005).

The moving party bears the initial burden of demonstrating the absence of a disputed issue of material fact. *See Celotex*, 477 U.S. at 324. "Once the moving party points to evidence demonstrating no issue of material fact exists, the non-moving party has the duty to set forth specific facts showing that a genuine issue of material fact exists and that a reasonable factfinder could rule in its favor." *Azur v. Chase Bank, USA, Nat'l Ass'n*, 601 F.3d 212, 216 (3d Cir. 2010). The non-moving party may not simply sit back and rest on the allegations in its complaint; instead, it must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324 (internal quotation marks omitted); *see also Saldana v. Kmart Corp.*, 260 F.3d 228, 232 (3d Cir. 2001). Summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial." *Celotex*, 477 U.S. at 322–23. "Such affirmative evidence — regardless of whether it is direct or circumstantial — must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance." *Saldana*, 260 F.3d at 232 (quoting *Williams v. Borough of West Chester*, 891 F.2d 458, 460–61 (3d Cir. 1989)).

**DISCUSSION**

JN Realty asserts a single breach of contract claim premised on Allied Insurance's alleged failure to pay on a claim for property damage under the Policy. As noted, Allied Insurance has moved for summary judgment on this claim on the basis of a one-year suit limitation provision in the Policy, which required JN Realty to commence this litigation within one year of the alleged loss. JN Realty contends that the one-year suit limitation should not be enforced due to waiver, estoppel, unclean hands, and unconscionability. Each of these arguments is addressed below.

Pennsylvania recognizes the validity of suit limitation clauses in insurance policies. *See Prime Medica Assocs. v. Valley Forge Ins. Co.*, 970 A.2d 1149, 1156 (Pa. Super. Ct. 2009). Suit limitation clauses are contractual undertakings between parties limiting the time to bring suit on the contract. *Id.* "The law is clear that such a clause, setting time limits upon the commencement of suits to recover on a policy, is valid and will be sustained." *Gen. State Auth. v. Planet Ins.*, 346 A.2d 265, 266 (Pa. 1975); *Commonwealth v. Transamerican Ins.*, 341 A.2d 74, 76 (Pa. 1975) ("This Commonwealth has long recognized the validity of a policy provision limiting the time of bringing suit under its terms and rendering the normal statute of limitations for the cause of action in question inapplicable."). Absent waiver or estoppel, one- and two-year suit limitation clauses have generally been upheld. *See Prime Medica*, 970 A.2d at 1156; *Atiyeh v. Nat'l Fire Ins. Co. of Hartford*, 2008 WL 4444253, at *5 (E.D. Pa. Sept. 30, 2008); *Caln Village Assocs., L.P. v. Home Indem. Co.*, 75 F. Supp. 2d 404, 410 (E.D. Pa. 1999); *McElhiney v. Allstate Ins. Co.*, 33 F. Supp. 2d 405, 406 (E.D. Pa. 1999). The limitation period runs from "the date of the occurrence of the destructive event or casualty insured against." *Petraglia v. Am. Motorists Ins.*, 424 A.2d 1360, 1362 (Pa. Super. Ct. 1981) (quoting *Gen. State. Auth.*, 346 A.2d at 267). Failure to bring a claim

within the limitation period in an insurance policy will result in an "absolute bar" to the claim. *Toledo v. State Farm Fire & Cas. Co.*, 810 F. Supp. 156, 158 (E.D. Pa. 1992) (citing *Gen. State Auth.*, 346 A.2d at 742-43).

Here, there is no dispute that the date of occurrence underlying JN Realty's insurance claim is June 14, 2019. JN Realty did not commence this action until March 29, 2022, more than two years and nine months after the roof collapse. The commencement of suit provision in the Policy clearly and explicitly mandates that any suit be brought within one year of the physical loss or damage. Accordingly, JN Realty should have filed suit by June 14, 2020. Given the valid one-year suit limitation provision contained in the Policy, it is clear that JN Realty instituted this cause of action beyond the Policy's limitation period. Accordingly, absent proof of waiver or estoppel, Pennsylvania case law requires dismissal of JN Realty's breach of contract claim.

In its opposition to Defendant's motion for summary judgment and in support of its partial motion for summary judgment, JN Realty argues that the suit limitation provision should not be enforced because the defense has been waived and/or Allied Insurance is estopped from asserting it. Although a commencement of suit provision is legally enforceable, it may be extended or waived "where the actions of the insurer lead the insured to believe the contractual limitation period will not be enforced." *Gen. State Auth.*, 346 A.2d at 267 n.6. "Waiver is the voluntary and intentional abandonment or relinquishment of a known right." *Prime Medica*, 970 A.2d at 1156 (citing *Samuel J. Marranca Gen. Contracting Co., Inc. v. Amerimar Cherry Hill Assocs. Ltd. P'ship*, 610 A.2d 499 (Pa. 1992)). Waiver may be established by a party's (1) express declaration, or (2) undisputed acts or language so inconsistent with the purpose of the contract provisions there is no opportunity for a reasonable inference to the contrary. *Id.* at 1156-57.

A suit limitation is also subject to the defense of estoppel. *Id.* at 1157. Estoppel prevents one party from performing an act which is different than the act the other party was induced by word or deed to expect. *Id.* The party asserting estoppel bears the burden of establishing estoppel by clear, precise, and unequivocal evidence. *Id.* "[M]ere silence or inaction is not a ground for estoppel unless there is a duty to speak or act." *Id.* (quoting *Brown v. Haight*, 255 A.2d 508, 512 (Pa. 1969)). The insured must present evidence establishing: (1) "reasonable grounds for believing that the time limit would be extended" or that the insurer would not strictly enforce the suit limitation provision; and (2) that the insurer's actions actually induced or persuaded the insured not to file suit within the contractually agreed period. *Id.* An insurer will be estopped from raising the suit limitation defense if there is clear and convincing evidence that the insurer induced the insured to justifiably rely, to the insured's detriment, on the insurer's words or conduct reflecting a decision not to invoke the defense. *Id.* Suit limitation provisions survive waiver and estoppel if there was sufficient time to commence an action before the limitations period expired. *Pini v. Allstate Ins. Co.*, 499 F. Supp. 1003, 1005 (E.D. Pa. 1980); *Wilhelm v. Hartford Casualty Ins. Co.*, 2010 WL 11711405, at *3 (E.D. Pa. Aug. 31, 2010); *Atiyeh*, 2008 WL 4444253, at *5. "The determination of whether waiver or estoppel has occurred is a conclusion of law." *Reinhart v. Erie Ins.*, 2015 WL 6159391, at *7 (Pa. Super. Ct. Apr. 30, 2015).

To support both its waiver and estoppel arguments, JN Realty relies on its contention that (1) Allied Insurance cannot rely on a letter that it sent to JN Realty's previous counsel (Mr. Boczar) advising JN Realty of the one-year limitation because it is inadmissible hearsay and (2) Allied Insurance cannot enforce the one-year suit limitation because the insurance coverage was bound by Allied Insurance's agent, Mr. Malizia, before JN Realty's president/owner (Mr. Banks) signed

the insurance policy application. Neither of these arguments supports or meets JN Realty's summary judgment burden on either waiver or estoppel.

JN Realty's argument with respect to the letter to JN Realty's prior counsel is both wrong and inapposite. First, the letter is not inadmissible hearsay evidence. In the letter, Allied Insurance advised JN Realty, *inter alia*, that it was not waiving any of the conditions specified in the Policy and expressly reiterated the Policy's one-year suit limitation provision. (*See* ECF 49-4, at p. 28). As argued by Allied Insurance, this letter is not being proffered "to prove the truth of the matter asserted in the statement[s]" in the letter. *See* Fed. R. Evid. 801(c)(2) (providing definition of "hearsay"). Rather, it is being proffered to show that Allied Insurance advised JN Realty that it was not waiving any conditions of the Policy and was reiterating inclusion of the suit limitation provision in the Policy. As such, the letter is not an out of court statement offered for the truth of the matter asserted. Accordingly, it is not inadmissible, hearsay evidence.

Second, at this stage of the proceedings, the letter is a red herring. There is no dispute that the policy contains the one-year suit limitation, that JN Realty accepted the terms of the insurance policy, that JN Realty had a copy of the insurance policy, or that JN Realty commenced this action after expiration of the one-year suit limitation. There is also no requirement in the policy or applicable law that Allied Insurance provide its insured reminders with respect to the terms of an insurance policy or the insurer's intention to enforce the terms of an insurance policy. *See Wilhelm*, 2010 WL 11711405, at *3 (holding "defendant was under no duty to affirmatively inform plaintiffs they were subject to the policy's suit limitation clause."); *Waldman v. Pediatric Servs. of Am., Inc.*, 1998 WL 770629, at *8 (E.D. Pa. Nov. 8, 1998) (holding insurer had no duty to remind insured of limitation of suit clause). Absent evidence of a waiver, neither the existence, authenticity,

admissibility, nor content of the letter is relevant to the enforceability of the one-year suit limitation in this case.

As argued by Allied Insurance, JN Realty proffers no evidence to support either Allied Insurance's waiver of the one-year suit limitation or application of an estoppel defense. JN Realty has proffered no evidence that Allied Insurance made any statements to JN Realty or its representatives that Allied Insurance would not rely on the suit limitation provision or evidence that Allied Insurance engaged in conduct that showed an intention not to enforce the provision. Indeed, JN Realty's president, Mr. Banks, testified that no one from Allied Insurance ever told him or JN Realty's attorney that Allied Insurance was going to waive the one-year suit limitation provision:

> Q. Did anyone on behalf of Allied Insurance Company of America ever tell you or your attorneys that it was going to waive that provision that the lawsuit must be brought or any action must be brought within one year after the direct physical loss or damage occurs?
>
> A. Not that I know of. No.

(Banks Dep. Tr., ECF 49-6, at p. 170). JN Realty has also presented no evidence to support a finding that Allied Insurance unfairly delayed addressing the claim submitted by JN Realty during the one-year suit limitation period, that Allied Insurance misled JN Realty about the possibility of an approval of JN Realty's claim, or that Allied Insurance induced JN Realty to refrain from commencing suit. In addition, JN Realty presents no evidence showing any actions, words, representations, or promises indicating that Allied Insurance intended to waive or extend the suit limitation provision. In the absence of any such evidence, JN Realty has not and cannot meet its burden with respect to either waiver or estoppel.

JN Realty also argues that the one-year suit limitation cannot be enforced "Due to Unclean Hands in the Formation of the Premier Policy." (Pl.'s Opp., ECF 53-1, at p. 14). Though this argument is difficult to fully glean or follow from JN Realty's filings, it appears JN Realty is arguing that the one-year suit limitation provision should be voided because the insurance agent, Mr. Malizia, completed the policy application without adequate information or participation from JN Realty's president/owner (Mr. Banks), knowingly made material misrepresentations in the application, and bound the insurance coverage at issue before JN Realty's president/owner (Mr. Banks) signed the insurance policy application. JN Realty concedes, however, that Mr. Banks signed the insurance coverage application. (*See id.* at p. 15). In doing so, JN Realty — through Mr. Banks — became a party to the alleged fraud by the agent. *See Cypher v. National Acc. & Health Ins. Co. of Philadelphia*, 38 A.2d 543, 544 (Pa. Super. Ct. 1944) ("But it seems now to be settled that where an insured . . . makes out a case in which the agent has defrauded his principal but in which he, the insured, has signed an application falsely asserting that he has read the contents and that the statements contained in it are true he also makes out a case in which he is a party to the fraud."); *Hager v. North American Co. for Life and Health Ins.*, 1988 WL 62195, at *4 (E.D. Pa. June 14, 1988) (citing *Cypher* with approval). Moreover, through this litigation, JN Realty seeks insurance coverage under the same policy. JN Realty has presented no evidence that it was misled in any way with respect to the one-year suit limitation provision or any legal support for the voiding of the provision under JN Realty's purported rendition of the Policy's formation. As such, JN Realty's unclean hands argument is without merit.

JN Realty also argues that the one-year suit limitation provision should be voided under the doctrine of unconscionability. As the party challenging enforcement of the policy provision, JN Realty bears the burden of proving unconscionability. *Harris v. Green Tree Fin. Corp.*, 183

F.3d 173, 181 (3d Cir. 1999) (citing *Bishop v. Washington*, 480 A.2d 1088, 1094 (Pa. Super. Ct. 1984)). JN Realty has fallen woefully short of meeting this burden.

Under Pennsylvania law "a contract or term is unconscionable, and therefore avoidable, where there was a lack of meaningful choice in the acceptance of the challenged provision and the provision unreasonably favors the party asserting it." *Salley v. Options One Mortg. Corp.*, 925 A.2d 115, 119 (Pa. 2007). A party challenging a contract as unconscionable must establish **both** procedural and substantive unconscionability. *Id.; see also Harris*, 183 F.3d at 181. "Substantive unconscionability refers to contractual terms that are unreasonably or grossly favorable to one side and to which the disfavored party does not assent." *Harris*, 183 F.3d at 181(citing *Germantown Mfg. Co. v. Rawlinson*, 491 A.2d 138, 145-47 (Pa. Super. Ct. 1985)). Substantive unconscionability exists where the challenged contract provision unreasonably favors the party with superior bargaining power. *See Clerk v. First Bank of Del.*, 735 F. Supp. 2d 170, 181 (E.D. Pa. 2010) (citing *Witmer v. Exxon Corp.*, 434 A.2d 1222, 1228 (Pa. 1981)). The Supreme Court of Pennsylvania has defined procedural unconscionability to mean "the absence of meaningful choice on the part of one of the parties." *Witmer*, 434 A.2d at 1228.

Pennsylvania courts have consistently emphasized that merely because a contract (including an insurance policy) is one of adhesion does not render it unconscionable. *See Salley*, 925 A.2d at 127; *Bishop*, 480 A.2d at 1094; *Denlinger, Inc. v. Dendler*, 608 A.2d 1061, 1067 (Pa. Super. Ct. 1992). Notably, the Supreme Court of Pennsylvania and "the federal courts in Pennsylvania . . . have refused to hold contracts unconscionable simply because of a disparity in bargaining power." *Witmer*, 434 A.2d at 1228 (citations omitted); *see also Harris*, 183 F.3d at 183 ("We have held repeatedly that inequality in bargaining power, alone, is not a valid basis upon which to invalidate an arbitration agreement."). Indeed, there is no basis under Pennsylvania law

for finding that an insurance contract, simply by virtue of being one, is procedurally unconscionable. Whether a contract is unconscionable is a question of law for the court to decide. *See Salley*, 925 A.2d at 120 (citing *Bishop*, 480 A.2d at 1094).

Here, in support of unconscionability, JN Realty repeats and relies on its contention that the insurance agent, Mr. Malizia, completed the insurance policy application without providing JN Realty with the information used to complete the application or a copy of the policy application to sign until after the coverage was bound. JN Realty provides no support for how these alleged facts support the above-described requirements for unconscionability. Regardless, they do not. Indeed, as noted above, countless Pennsylvania courts (including the Supreme Court of Pennsylvania) have found one- and two-year suit limitation clauses—like that at issue here—fully enforceable. *See, e.g.*, *Transamerican Ins.*, 341 A.2d at 76 ("This Commonwealth has long recognized the validity of a policy provision limiting the time of bringing suit under its terms and rendering the normal statute of limitations for the cause of action in question inapplicable."); *Gen. State Auth.*, 346 A.2d at 266; *Prime Medica*, 970 A.2d at 1156; *Atiyeh*, 2008 WL 4444253, at *5; *Caln Village*, 75 F. Supp. 2d at 410; *McElhiney*, 33 F. Supp. 2d at 406. In light of this abundance of case law, and the absence of any evidence that might otherwise support unconscionability, Plaintiff's unconscionability argument is without merit.

**CONCLUSION**

For the reasons set forth, Allied Insurance's motion for summary judgment is granted, JN Realty's motion for summary judgment is denied, and judgment is entered in favor of Allied Insurance. An Order consistent with this Memorandum Opinion follows.

*NITZA I. QUIÑONES ALEJANDRO*, J.